# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS SILVEIRA, GEOREGETTE PICKETT, and CHARLES HUGHES, as individuals and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>JEFFREY A. BEARD, in his official capacity as the Secretary of the California Department of Corrections and Rehabilitation, and DOES 2 through 10, inclusive<br><br>　　　　　　　Defendants. | 1:13-CV-0084 AWI BAM<br><br>ORDER ON DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY MOTION TO STRIKE<br><br>(Doc. No. 17) |

This is a collective action under 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), brought by Plaintiffs against Defendant Jeffrey Beard ("Beard") in his official capacity as the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiffs complain about the calculation of wages and the retention of overtime wages by Beard. Plaintiffs pray for an injunction for the return of money to Plaintiffs, and for declaratory relief that Beard violated the FLSA. The operative complaint is the First Amended Complaint ("FAC"). Beard now moves to dismiss and strike the FAC. For the reasons that follow, the motion to dismiss will be granted.

## BACKGROUND

From the FAC, Plaintiffs are or were employed by Beard in various correctional peace officer classifications at prisons in either Corcoran or Lancaster, California. By virtue of the terms of their employment and the FLSA, Plaintiffs were entitled to receive overtime pay. During certain weeks, Plaintiffs worked and were paid compensation for overtime. However, Beard allegedly wrongfully deducted and withheld from Plaintiffs' pay some of the overtime that was worked and earned. Beard conceded that the overtime was worked and earned by reflecting such amounts on the Plaintiffs' pay stubs. Beard has refused to return the overtime wages to Plaintiffs. Beard also has refused to correctly calculate the regular pay rate by not including non-discretionary pay (e.g. bonuses, fitness pay, and education pay) paid to Plaintiffs. Plaintiffs allege that they seek prospective relief in the form of enjoining and instructing Beard to release Plaintiffs' property and requiring Beard to properly calculate the regular rate of pay.

## LEGAL FRAMEWORK

*Rule 12(b)(1)*

Federal Rules of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. See Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. Vacek v. United States Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Vacek, 447 F.3d at 1250. Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004); Savage v. Glendale Union High School Dist. No. 205, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and

the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolfe, 392 F.3d at 362; Meyer, 373 F.3d at 1039. However, courts do not accept the truth of legal conclusions merely because they are cast in the form of factual allegations. Doe v. Holy See, 557 F.3d 1066, 1073 (9th Cir. 2009). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Meyer, 373 F.3d at 1039; Savage, 343 F.3d at 1039 n.2. The court need not presume the truthfulness of the plaintiff's allegations under a factual attack. Wood v. City of San Diego, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011).

*Rule 12(b)(6)*

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6)*.* A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013); Johnson, 534 F.3d at 1121. However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Willson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. See Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

## DEFENDANT'S MOTION

*Defendant's Argument*

Beard argues that the entire complaint should be dismissed due to Eleventh Amendment immunity. The FLSA does not waive sovereign immunity for suits by private individuals, and California has not chosen to waive its immunity. Although Plaintiffs attempt to invoke *Ex parte Young* for both injunctive and declaratory relief, the attempt fails. With respect to the injunctive relief, Plaintiffs are really seeking monetary damages for past violations of the FLSA. Plaintiffs are seeking an injunction that requires California to pay money for the past overtime hours worked. Because Plaintiffs are seeking compensation for a past injury, the injunctive relief is retrospective and outside of *Ex parte Young*. With respect to the declaratory relief, Plaintiffs seek a declaration that Beard "violated the FLSA." However, *Ex parte Young* does not permit declarations that merely declare a past violation of federal law. Because the requested declaration is retrospective, declaratory relief is unavailable. Finally, the "wrongfully withheld" property exception to sovereign immunity does not apply because this case is not about property that was seized by California pursuant to a statutory scheme or through unconstitutional acts. Instead, Plaintiffs are making claims for restitution, which is indistinguishable from a claim for simple monetary damages.

Additionally, Plaintiffs do not have standing to seek prospective injunctive relief under the FLSA. Injunctive relief under the FLSA may only be obtained by the Secretary of Labor.

Finally, former employees do not have standing to obtain prospective relief because they will not suffer future wage loss. Because Carlos Silveira has retired, he may not seek such relief.

*Plaintiffs' Opposition*

Plaintiffs agree that Beard enjoys sovereign immunity, but contends that *Ex parte Young* applies to this case. Plaintiffs argue that they are seeking prospective injunctive and declaratory relief. Such relief, that serves only to bring an end to a present violation of federal law, is not barred by the Eleventh Amendment. As long as there is an ongoing violation of federal law, and only prospective relief is sought, that there may be an ancillary effect on the state's treasury does not matter. Here, there is an allegation that Beard is currently miscalculating wages and violating the FLSA, and Plaintiffs seek only the return and release of overtime that they have already worked and earned. Because the overtime wages have been worked and earned, they are the property of Plaintiffs and Beard cannot withhold that property.

As to injunctive relief under the FLSA, the Ninth Circuit and various district courts have held that a private employee has standing to sue for injunctive relief under the FLSA.

With respect to former employee Silveira, extrensic evidence may not be submitted in a Rule 12(b)(6) motion to dismiss. However, aside from the propriety of considering Silveira's employment records, courts in the Ninth Circuit have repeatedly held that former employees have standing to seek and obtain injunctive relief. As such, there is no basis to preclude Silveira from seeking an injunction.

*Legal Standard*

    1.    Eleventh Amendment

Generally, the "Eleventh Amendment bars suits against the State or its agencies for all types of relief . . . ." Krainski v. State ex rel. Bd. of Regents, 616 F.3d 963, 967 (9th Cir. 2010). However, there are narrow exceptions to this immunity. North East Med. Servs. v. California. Dept. of Health Care Servs., 712 F.3d 461, 466 (9th Cir. 2013). First, Congress may abrogate Eleventh Amendment immunity to enforce the Fourteenth Amendment. See Miranda B. v.

5

Kitzhaber, 328 F.3d 1181, 1187-85 (9th Cir. 2003).  Second, a state may waive its Eleventh Amendment immunity.  See Johnson v. Rancho Santiago Cmty. College Dist., 623 F.3d 1011, 1021 (9th Cir. 2010).  Third, pursuant to *Ex parte Young*, 209 U.S. 123 (1908), actions for prospective declaratory or injunctive relief against state officers in their official capacities for their violations of federal law are not barred by the Eleventh Amendment.  Coalition to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012).   Finally, under certain circumstances, "the Eleventh Amendment does not bar a suit to recover property in a state's possession, or funds held by the state arising from the sale of seized property." North East Med., 712 F.3d at 469; see also Jachetta v. United States, 653 F.3d 898, 910 (9th Cir. 2011); Taylor v. Westly, 402 F.3d 924, 933 (9th Cir. 2005).

With respect to *Ex parte Young*, in order to determine whether that doctrine applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."  Verizon Md., Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002).  That is, the key question is generally whether the requested relief is prospective and aimed at remedying an ongoing violation of federal law, or is retrospective and aimed at remedying a past violation of federal law.  Cardenas v. Anzai, 311 F.3d 929, 935 (9th Cir. 2002).  As long as the lawsuit serves to directly end a present violation of federal law, that there may be a substantial ancillary effect on a state's treasury does not defeat the exception.  Papasan v. Allain, 478 U.S. 265, 278 (1986).  *Ex parte Young* does not apply to suits where the plaintiff seeks retroactive relief, where the claimed violations are based on state law, where the federal law violation is no longer "ongoing," where Congress has prescribed a detailed remedial scheme for the enforcement against a State of the claimed federal right, and where "special sovereignty interests" are implicated.  Virginia Office for Prot. & Advocacy v. Stewart, 131 S.Ct. 1632, 1646 (U.S. 2011).  Further, although a litigant may obtain declaratory relief against a state official as to ongoing violations, *Ex parte Young* does not permit judgments against state officers that declare the officers violated federal law in the past.  See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993); Los Angeles County Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992).

2.     Standing

For each form of relief sought, a plaintiff must establish standing.  Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 185 (2000); Mayfield v. United States, 599 F.3d 964, 971 (9th Cir. 2010).  Constitutional standing is established by showing: (1) an injury in fact, which is a violation of a protected interest, that is both (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Mayfield, 599 F.3d at 970.

*Discussion*

1.     Declaratory Relief

The FLSA does not waive Eleventh Amendment sovereign immunity for suits brought by individuals.  See Alden v. Maine, 527 U.S. 706, 758 (1999); Gonzalez v. Mayberg, 398 Fed. Appx. 318, 319 (9th Cir. 2010); Bethel Native Corp. v. United States Dept. of the Interior, 208 F.3d 1171, 1173 (9th Cir. 2000); see also Quillin v. Oregon, 127 F.3d 1136, 1138 (9th Cir.1997) (holding that Oregon has Eleventh Amendment immunity from suits seeking unpaid overtime wages under the FLSA).  However, as indicated above, through the doctrine of *Ex parte Young*, a claim for prospective declaratory relief is available in order to stop ongoing violations of federal law.  See  Brown, 674 F.3d at 1134; Cardenas, 311 F.3d at 935.  Courts have approved of prospective declaratory relief to remedy present FLSA violations.  See Balgowan v. New Jersey, 115 F.3d 214, 217-18 (3d Cir. 1997); Biggs v. Wilson, 828 F.Supp. 774, 780 (E.D. Cal. 1991).

Here, under the first two causes of action, the FAC states that Plaintiffs seek "declaratory relief that Defendants violated the FLSA." FAC at ¶¶ 28, 32.  Similarly, the Complaint's Prayer requests "declaratory relief finding that Defendants violated the FLSA." FAC Prayer at ¶ 3.  As worded, these requests do not deal with ongoing or forward looking declarations, rather, they seek only a declaration that Defendants "violated" the FLSA.  That is, the wording for declaratory relief is based entirely on past violations.  Such a retrospective request for relief is barred by the Eleventh Amendment.  See Puerto Rico Aqueduct, 506 U.S. at 146; Eu, 979 F.2d at 704 ; see also Krainski, 616 F.3d at 967.

Beard acknowledges that truly prospective declaratory relief is available under *Ex parte Young*, and his motion focuses on the language in the FAC that the FLSA was "violated." As just discussed, the Court agrees that a declaration that the FLSA was "violated" is improper. However, it is not clear to the Court that Plaintiffs' declaratory relief is actually limited to past violations of the FLSA. The FAC also alleges that Beard and the Doe defendants "continue to violate the FLSA, including without limitation, 29 U.S.C. § 207(a)(1) and (e)." FAC at ¶ 27. Moreover, in earlier paragraphs, the FAC alleges that: (1) Plaintiffs seek prospective relief "requiring Defendants to properly calculate the regular rate of pay . . . ."; and (2) Plaintiffs "seek prospective declaratory relief in the form of a finding that Defendants' conduct violates the FLSA." FAC at ¶¶ 13, 16. These allegations indicate that there is an ongoing and present violation of the FLSA. Specifically, that Beard is currently not calculating the rate of pay in accordance with the FLSA. Beard does not address the allegations in Paragraphs 13, 16, and 27.

The declaratory relief identified in the Prayer is unavailable and dismissal is appropriate. However, in the absence of an argument from Beard regarding Paragraphs 13, 16, and 27, it is not clear that amendment would be futile. Therefore, dismissal of the declaratory relief will be with leave to amend. Cf. Balgowan, 115 F.3d at 217-18. Any amended complaint must describe the precise declaratory relief sought, meaning the Prayer should describe which specific practices of Beard are presently violating which specific provisions of the FLSA.

### 2. Injunctive Relief

Beard raises two separate and independent reasons for dismissing injunctive relief, one is the Eleventh Amendment and the other is the unavailability of injunctive relief under the FLSA. The FLSA authorizes a private plaintiff to seek injunctive relief when the private plaintiff is proceeding under the anti-retaliation provision of the FLSA (29 U.S.C. § 215(a)(3)). See Bailey v. Gulf Coast Transp., Inc., 280 F.3d 1333, 1335-36 (11th Cir. 2002). However, for violations of the overtime and wage provisions of the FLSA, the authority to seek injunctive relief rests exclusively with the United States Secretary of Labor. See 29 U.S.C. §§ 211, 217; Howard v. City of Springfield, 274 F.3d 1141, 1145 (7th Cir. 2001); United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc., 207 F.3d 1193, 1197-98 (10th Cir.

2000); Powell v. Florida, 132 F.3d 677, 678 (11th Cir. 1998); Balgowan, 115 F.3d at 218; Barrentine v. Arkansas-Best Freight Sys., Inc., 750 F.2d 47, 51 (8th Cir. 1984); Henley v. Simpson, 2012 U.S. Dist. LEXIS 101646, *10-*11 (S.D. Miss. July 23, 2012); Gordon v. Rite Aid Corp., 2012 U.S. Dist. LEXIS 54071, *51 (S.D.N.Y. Mar. 9, 2012); Colson v. Avnet, Inc., 687 F.Supp.2d 914, 922 (D. Ariz. 2010); Abbe v. City of San Diego, 2007 U.S. Dist. LEXIS 87501, *71 (S.D. Cal. Nov. 9, 2007); Keenan v. Allan, 889 F.Supp. 1320, 1382 (E.D. Wash. 1995). Private employees in non-retaliation cases may not pursue injunctive relief under the FLSA. See Bailey, 280 F.3d at 1335; Howard, 274 F.3d at 1145; Powell, 132 F.3d at 678-79; Barrentine, 750 F.2d at 51; Colson, 687 F.Supp.2d at 922; Keenan, 889 F.Supp. at 1382. Here, because Plaintiffs' claims are not based on 29 U.S.C. § 215(a)(3), Plaintiffs may not pursue injunctive relief. See id.; see also Powell, 132 F.3d at 678; Balgowan, 115 F.3d at 218.

Plaintiffs cite *Mortensen v. County of Sacramento*, 368 F.3d 1082, 1085-86 (9th Cir. 2004), for the proposition that an employee has standing to sue for injunctive relief to enjoin an employer's violations of the FLSA. However, the arguments raised by Sacramento County were: (1) "Mortenson lacks standing because he has not alleged any injury," and (2) "Mortensen has not shown a significant possibility of future harm, which is required to seek injunctive relief." Id. The issue of whether employee Mortenson was authorized to seek injunctive relief under the FLSA was not raised in front of, or discussed by, the Ninth Circuit. Given the significant number of circuit cases holding that only the Secretary of Labor may seek injunctive relief in non-retaliation cases, the Court will not read *Mortensen* as silently adopting a contrary position.[1]

Because Plaintiffs are not authorized to obtain injunctive relief under the FLSA, the Court

---

[1] Plaintiffs also cite a number of district court cases in support of their argument. The Court is not convinced. Several of these cases state that injunctive relief is available under the FLSA. However, with one exception, those cases explain neither whether injunctive relief was actually requested under the FLSA or whether injunctive relief was actually available for the FLSA claims. See Luksza v. TJX Co., Inc., 2012 U.S. Dist. LEXIS 111864 (D. Nev. Aug. 8, 2012); Cholette v. Installpro, Inc., 2012 U.S. Dist. LEXIS 82302 (D. Nev. June 13, 2012); Godfrey v. Chelan County PUD, 2007 U.S. Dist. LEXIS 58569 (E.D. Wash. Aug. 10, 2007); Leyva v. Buley, 125 F.R.D. 512, 513-14 (E.D. Wash. 1989) (explaining that claim for injunctive relief was brought under state law). Also, a general statement that injunctive relief is available under the FLSA is consistent with the FLSA's anti-retaliation provisions. See Bailey, 280 F.3d at 1335-36. Another cited case is not actually an FLSA case, rather it is a California unfair business practices case that is based in part on a violation of the FLSA. See Maddock v. KB Homes, Inc., 248 F.R.D. 229, 235 (C.D. Cal. 2007). Finally, another case deals mostly with the California Labor Code and does not expressly discuss whether the FLSA authorizes injunctive relief in non-retaliation cases. See Carrillo v. Schneider Logistics, Inc., 823 F.Supp.2d 1040, 1043-46 (C.D. Cal. 2011).

will dismiss the FLSA injunction claims without leave to amend.[2]

    3.    Carlos Silveira

As an initial matter, the Court is not persuaded by Plaintiffs' objection that considering Silveira's employment records is improper under Rule 12(b)(6). In addition to a Rule 12(b)(6) motion, Beard has also brought a Rule 12(b)(1) motion. Because Defendants argue that Silveira lacks standing because he is a former employee, they are raising a jurisdictional issue. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998); Native Village of Kivalina v. Exxon Mobil Corp., 696 F.3d 849, 867 (9th Cir. 2012). In a factual attack under Rule 12(b)(1), the Court may review extrinsic evidence. Wolfe, 392 F.3d at 362. Thus, the Court will consider Silveira's records as part of a Rule 12(b)(1) factual attack. See Wolfe, 392 F.3d at 362.

The evidence submitted shows that Silveira retired from CDCR on December 30, 2011. See Johnson Dec. ¶ 5 & Ex. A. Plaintiffs do not dispute that Silveira has in fact retired from the CDCR. Thus, the Court finds that Silveira has retired from, and is no longer employed by, the CDCR. The consequence of this finding is that Silveira's standing to obtain any relief appears to be lacking.

As discussed above, Silveira is precluded from obtaining injunctive relief. See Bailey, 280 F.3d at 1335; Howard, 274 F.3d at 1145; Barrentine, 750 F.2d at 51; Colson, 687 F.Supp.2d at 922; Keenan, 889 F.Supp. at 1382. In terms of declaratory relief, the only relief that can be obtained relates to current and ongoing violations of the FLSA. However, because Silveira is retired, he is not subject to the current wage calculations, and thus is not being injured by the current wage calculations. Moreover, it is unknown how purely prospective declaratory relief would redress Silveira's complaints about past wage calculations. Courts have recognized that former employees often do not have standing to obtain injunctive relief against their former employers because there is little chance of future injury and little chance of enjoying the benefits of the prospective relief. See Walsh v. Nevada Dept. of Human Res., 471 F.3d 1033, 1037 (9th Cir. 2006); Kassman v. KPMG, LLP, 2013 U.S. Dist. LEXIS 17491, *27 (S.D. N.Y. Feb. 7,

---

[2] Because Plaintiffs may not maintain an FLSA cause of action that seeks injunctive relief, the Court need not decide at this time whether the withheld property exception to the Eleventh Amendment applies.

2013).  Such is the case here.  Plaintiffs have not shown that Silveira has standing to pursue this case.  Cf. Colson, 687 F.Supp.2d at 922; Baas v. Dollar Tree Stores, Inc., 2009 U.S. Dist. LEXIS 57531, *8-*9 (N.D. Cal. June 18, 2009).[3]

Dismissal of Silveira from this case due to lack of standing is appropriate.  However, the Plaintiffs' opposition focused primarily on injunctive relief.  Because the Court is permitting amendment as to declaratory relief, out of an abundance of caution, dismissal of Silveira will be with leave to amend.  If Silveira wishes to remain a party to this case, any amended complaint should include factual allegations that demonstrate Silveira's standing for the relief requested.[4]

## CONCLUSION

Beard moves to dismiss the FLSA claims against him based on Eleventh Amendment immunity, the unavailability of injunctive relief, and lack of standing.

As to the requested declaratory relief, dismissal is appropriate because several allegations, and especially the FAC's Prayer, request a declaration that Beared "violated" the FLSA.  That is, the declaration would be retrospective.  However, because the FAC suggests that there may be present and ongoing violations of the FLSA, it is not clear that amendment would be futile.  Dismissal of the requested declaratory relief will be with leave to amend.

As to the FLSA claims for injunctive relief, dismissal is appropriate because only the Secretary of Labor may obtain injunctive relief.  Dismissal of these claims will be without leave to amend.

Finally, as to the Plaintiff Carlos Silveira, because he retired from CDCR in 2011, he is no longer subject to Beard's wage calculations and has not demonstrated standing.  However,

---

[3] *Baas* held that a former employee did not have standing under Article III to obtain injunctive relief.  Although *Baas* was an FLSA case, the district court did not address whether the FLSA actually authorized private parties to obtain injunctive relief.

[4] For the same reasons that Silveira has been dismissed, Beard requests that the Court strike all references to "former employees."  As discussed above, because there is no viable relief alleged, there are no viable claims against Beard, irrespective of references to former employees.  Because the Court is permitting amendment with respect to Silveira, the Court will not strike allegations relating to "former employees."  However, if Plaintiffs continue to include such allegations in an amended complaint, they will be expected to have a good faith argument and justification for doing so.

11

because the Court is permitting amendment with respect to declaratory relief, and the focus of the opposition was on injunctive relief, the dismissal of Silveira will be with leave to amend.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motions to dismiss are GRANTED;
2. Plaintiffs' FLSA claims for injunctive relief are DISMISSED without leave to amend;
3. Plaintiff Carlos Silveira and Plaintiffs' claims for declaratory relief are DISMISSED with leave to amend;
4. Plaintiffs may file an amended complaint, consistent with the analyses of this order, within twenty (20) days of service of this order; and
5. The failure to file an amended complaint within the time limit set in this order will result in the withdrawal of leave to amend and the closing of this case without further notice.

IT IS SO ORDERED.

Dated:   June 6, 2013

SENIOR DISTRICT JUDGE