**BLECHER & COLLINS, P.C.**
Maxwell M. Blecher (State Bar No. 26202)
mblecher@blechercollins.com
Donald R. Pepperman (State Bar No. 109809)
dpepperman@blechercollins.com
Majed Dakak (State Bar No. 271875)
mdakak@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, CA 90071
Phone: (213) 622-4222
Fax: (213) 622-1656

**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
Phone: (213) 488-6555
Fax: (213) 488-6554

**HYUN LEGAL, APC**
Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
550 South Hope Street, Suite 2655
Los Angeles, CA 90071
Phone: (213) 488-6555
Fax: (213) 488-6554

Attorneys for PLAINTIFFS and CONSENTERS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| GEORGETTE PICKETT, CHARLES HUGHES, and FRANK SILVEIRA, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFREY A. BEARD, in his capacity as the Secretary of the California Department of Corrections and Rehabilitation; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 13-CV-00084-AWI-BAM<br><br>**SECOND AMENDED COLLECTIVE ACTION COMPLAINT FOR DECLARATORY RELIEF FOR:**<br><br>**(1) VIOLATION OF THE FLSA FOR FAILING TO RELEASE OVERTIME MONIES OWED AND CORRECTLY CALCULATE THE REGULAR RATE OF PAY (FLSA, 29 U.S.C. § 201, *ET SEQ.*); and**<br><br>**(2) VIOLATION OF THE FLSA FOR FAILING TO TIMELY PAY OVERTIME (FLSA, 29 C.F.R. § 778.106)** |

Plaintiffs Georgette Pickett ("Pickett"), Charles Hughes ("Hughes"), and Frank Silveira ("Silveira"), on behalf of themselves and all others similarly situated (collectively, "Plaintiffs") complain against Defendant Jeffrey A. Beard ("Beard"; herein named as Doe 1), in his official capacity as the Secretary of the California Department of Corrections and Rehabilitation (the "CDCR") and Does 2 through 10 (collectively, "Defendants") and pray for declaratory judgment of the claims asserted herein as follows:

## I. PARTIES

1. Plaintiffs and all collective action members who opt-in to this lawsuit ("Consenters") are employed by Defendants in a variety of correctional peace officer classifications and are employed at the various prisons, institutions and offices in California operated by the CDCR. Each named Plaintiff is a competent adult resident of the State of California. Each named Plaintiff is employed by Defendants through their agency, the CDCR, at the CDCR's facilities in Corcoran and Lancaster, California.

2. Beard is the Secretary of the CDCR and is being sued only in his official capacity. The CDCR is responsible for the operations of the California state corrections, rehabilitation, and parole systems. The CDCR operates 33 adult correctional facilities and 7 juvenile detention centers. The CDCR employs approximately 35,000 peace officers. Given that Beard is being sued in his official capacity for violation of the Fair Labor Standards Act (the "FLSA"), and Plaintiffs are seeking only prospective declaratory relief, immunity under the 11th Amendment to the U.S. Constitution does not apply.

3. Plaintiffs do not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as Does 2 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiffs pray for leave to amend this Second Amended Complaint when the true names and capacities are known. Plaintiffs are informed and believe and based thereon allege that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiffs and Consenters to be subject to the illegal employment practices, wrongs and injuries complained of herein.

4. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants,

and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

5. Plaintiffs are informed and believe and based thereon allege that at all times relevant hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

6. At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

7. At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the injuries as herein alleged.

## II. JURISDICTION AND VENUE

8. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and Section 16(b) of the FLSA.

9. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) because Defendants' obligations and liability arise, in part, in this District, some of the Defendants' facilities and/or offices are located in this District and the named Plaintiffs are employed and/or performed work in this District.

## III. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. The following current unlawful practices are being employed by Defendants related to Plaintiffs and Consenters': 1) overtime pay and 2) regular rate of pay.

13585736v.1

2

SECOND AMENDED COLLECTIVE ACTION COMPLAINT

11. Plaintiffs and Consenters are, pursuant to the terms and conditions of their employment with the State, as well as the FLSA, entitled to receive overtime pay. Plaintiffs and Consenters, during certain weeks, worked and were paid compensation for overtime. Nevertheless, Defendants then unlawfully deducted and withheld some of the overtime worked and earned from Plaintiffs and Consenters' pay. Defendants have already conceded that the overtime was worked and earned by reflecting such amounts on Plaintiffs and Consenters' paystubs. As such, the overtime qualifies as property belonging solely to Plaintiffs and Consenters. Even so, Plaintiffs are informed and believe, and based thereon allege, that Defendants are continuing to withhold these monies. In addition, Plaintiffs are informed and believe, that Defendants continue to unlawfully deduct and withhold some of the overtime worked and earned from Plaintiffs and Consenters' pay. Through this collective action, Plaintiffs are seeking a declaratory judgment from the Court that said conduct, which is still occurring, violates the FLSA (29 C.F.R. Section 778.106). Plaintiffs also seek a declaratory judgment from the Court that Defendants are violating the FLSA by continuing to incorrectly calculate the regular rate of pay by not including all non-discretionary bonuses paid to Plaintiffs and Consenters in the regular pay rate. Plaintiffs are further informed and believe, and based thereon allege, that Defendants' failure to correctly calculate the regular rate of pay continues to date. Therefore, 11th Amendment immunity does not apply, given that Plaintiffs and Consenters seek only prospective declaratory relief. *See*, *e.g.*, *Ex parte Young*, 209 U.S. 123 (1908) (holding that a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law, even though such an injunction may have an ancillary effect on the state treasury); *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1133-34 (9th Cir. 2012) (reiterating that the 11th Amendment "does not, however, bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law") (citations omitted)).

12. Further, Plaintiffs and Consenters are also entitled to their reasonable attorneys' fees and costs pursuant to the FLSA.

### IV. COLLECTIVE ACTION ALLEGATIONS

13. **Collective Action Definition.** Plaintiffs bring this lawsuit as a collective action pursuant to Section 16(b) of the FLSA, (29 U.S.C. Section 216(b)), on behalf of the following main class:

a. All persons who are employed by Defendants in the State of California, and worked and earned overtime pay, but are currently being subjected to Defendants' practice of deducting and withholding said overtime pay.

Plaintiffs also propose the following subclasses:

b. All persons who are employed by Defendants in the State of California, who are members of the California Correctional Peace Officers Association (the "CCPOA"), and worked and earned overtime pay, but are currently being subjected to Defendants' practice of deducting and withholding said overtime pay.

c. All persons who are employed by Defendants in the State of California, who are not members of the CCPOA, and worked and earned overtime pay, but are currently being subjected to Defendants' practice of deducting and withholding said overtime pay.

d. All persons who are employed by Defendants in the State of California, who are currently receiving overtime pay and non-discretionary incentive pay, including without limitation, bonuses, educational pay, and fitness pay, but are still currently subject to Defendants' policy and practice of not including said non-discretionary incentive pay into the regular rate of pay.

14. **Similarly Situated and Subject to Uniform Policy.** The claims alleged herein can be brought and maintained as an FLSA collective action pursuant to Section 16(b) of the FLSA, (29 U.S.C. Section 216(b)), because Plaintiffs' claims are similar to the collective action members. Plaintiffs and the collective action members are similarly situated in that they are currently still being subjected to Defendants' uniform, common practice, policy, and/or plan of continuing to deduct and withhold overtime monies rightfully owned by Plaintiffs and collective action members. Plaintiffs and collective action members are also similarly situated in that all employees are currently still being subjected to Defendants' uniform, common practice, policy, and/or plan of failing to include non-discretionary bonuses in the regular rate of pay for calculating and paying overtime. Therefore, Plaintiffs and collective action members are entitled to a prospective declaratory judgment finding that Defendants'

ongoing conduct of failing to timely pay overtime, and properly calculate the regular rate of pay violates the FLSA.

15. **No Disparate Factual and Employment Settings.** Here, there are no disparate factual and employment settings because all Plaintiffs and collective action members are still being subjected to the same, identical payroll practice. Moreover, liability can be established by relying on payroll records and other documentary and electronic information and evidence, which will reflect the amounts of overtime being deducted and still withheld and what the proper regular rate of pay should be when factoring in all non-discretionary incentive pay.

16. **No Defenses Available to Defendants.** Plaintiffs are not aware of any defenses available to Defendants – much less disparate defenses – which can be asserted to defeat these meritorious claims. As alleged herein, Defendants have no justification for their continued failure and refusal to timely pay Plaintiffs and Consenters their overtime, nor their continued failure to correctly calculate the regular rate of pay.

17. **Fairness and Procedural Considerations.** A collective action is far superior to individual actions, given that Plaintiffs are informed and believe and thereon allege that there are approximately 35,000 collective action members. As such, fairness and procedural considerations weigh heavily in favor of a collective action rather than individual suits.

18. **Adequacy of Representation.** The named Plaintiffs are fully prepared to take all necessary steps to represent fairly, adequately, and vigorously the interests of the collective action classes defined above. Plaintiffs' attorneys are ready, willing and able to fully, adequately, and competently represent the collective action members and the named Plaintiffs. Plaintiffs' attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

19. **Notice to Collective Action Members.** The names and addresses of potential collective action members are available from Defendants' and other payroll records. Notice should be provided to the potential collection action members via first class mail, email and postings in the facilities in which these members worked as soon as possible.

# V. CLAIMS FOR DECLARATORY RELIEF

# FIRST CAUSE OF ACTION

# VIOLATION OF THE FLSA FOR FAILING TO RELEASE OVERTIME MONIES OWED AND CORRECTLY CALCULATE THE REGULAR RATE OF PAY (FLSA, 29 U.S.C. § 201, *et seq.*)

**(Against All Defendants and Does 2-10 by Plaintiffs and Consenters)**

20. Plaintiffs reallege and incorporate by reference paragraphs 1 through 19 of this Second Amended Complaint as though fully set for herein.

21. Defendants are subject to the FLSA. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for any work performed in excess of 40 hours in a workweek.

22. The FLSA also requires each covered employer, including Defendants, to calculate and/or factor such non-discretionary pay, including without limitation, bonuses, education pay, and fitness pay, into the regular rate of pay for purposes of calculating overtime pay.

23. Plaintiffs and Consenters are classified as non-exempt and, therefore, are entitled to overtime pay. Pursuant to the FLSA, Plaintiffs and Consenters are entitled to timely payment of overtime pay. Nevertheless, Plaintiffs are informed and believe, and based thereon allege, that Defendants are wrongfully and unlawfully deducting and withholding said overtime pay to this day. Defendants have known of their unlawful refusal to return the monies for several years, but are still failing and refusing to rectify their conduct. Therefore, Defendants are continuing to willfully fail and refuse to comply with the application mandates of FLSA.

24. Plaintiffs and Consenters also are earning non-discretionary incentive pay (including but not limited to bonuses, fitness pay, and education pay). Defendants, as a practice and policy, are currently not calculating and/or factoring such non-discretionary pay into Plaintiffs and Consenters' regular rate of pay for purposes of calculating revised and increased overtime pay and, as such, Defendants are willfully violating the FLSA.

25. By failing to compensate Plaintiffs and collective action members at a rate of not less than one and one-half times their regular rate of pay (which should have factored in all non-discretionary

13585736v.1

6

bonuses) for overtime worked, Defendants are continuing to violate, the FLSA, (29 U.S.C. Section 201, *et seq.*), including without limitation, 29 U.S.C. Section 207(a)(1) and (e).

26. The foregoing conduct or omissions constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. Section 255(a), as Defendants are knowingly failing to timely pay the full overtime owed. Based on the foregoing, Plaintiffs seek a declaratory judgment finding that said conduct violates the FLSA. Plaintiffs also seek reasonable attorneys' fees, costs, and all such other legal and equitable relief as the Court deems just and proper. *See* 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA FOR FAILING TO TIMELY PAY OVERTIME (FLSA, 78 C.F.R. § 778.106)

**(Against All Defendants and Does 2-10 by Plaintiffs and Consenters)**

27. Plaintiffs reallege and incorporate by reference paragraphs 1 through 26 of this Second Amended Complaint as though fully set for herein.

28. Defendants are subject to the FLSA. The FLSA requires payment of overtime as soon as reasonably practicable. 29 C.F.R. § 778.106. This provision has been interpreted as meaning the first payday after the amount "can practically be determined." *O'Brien v. Town of Agawam*, 350 F.3d 279, 298 (1st Cir. 2003); *Herman v. Fabri-Ctrs. of Am., Inc.*, 308 F.3d 580, 590-91 (6th Cir. 2002) ("Courts have long interpreted the FLSA as requiring that those payments be timely made."; "the statute is violated even if the employer eventually pays the overtime amount that was due"; "[i]n fact, that requirement may not be waived, and 'even the workers' enthusiastic assent to deferred payment-a form of employer-held savings account-is ineffectual'") (emphasis added; citations omitted); *Howard v. City of Springfield*, 274 F.3d 1141, 1148-49 (7th Cir. 2001) (holding that state employer was liable for violating Section 778.106 by not timely paying overtime); *Gilmer v. Alameda-Contra Costa Transit Dist.*, 2011 WL 5242977, *13 (N.D. Cal. 2011) (reiterating that an employer's failure to timely pay overtime violates the FLSA, including Section 778.106).

29. As alleged above, Defendants are unlawfully withholding overtime monies owed to Plaintiffs and collective action members. The amounts of overtime owed are already calculated by Defendants, as will be shown and confirmed by their own payroll records. Nevertheless, Plaintiffs are

informed and believe, and based thereon allege that, Defendants are continuing to withhold and refusing to release overtime monies owed to Plaintiffs and Consenters. As a matter of law, such conduct violates the FLSA.

30. The foregoing constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. Section 255(a), as Defendants knowingly failed to pay full overtime compensation. Based on the foregoing, Plaintiffs seek a declaratory judgment finding that Defendants' continued failure to timely pay overtime violates the FLSA, including 78 C.F.R. Section 778.106.. Plaintiffs and Consenters also seek their reasonable attorneys' fees, costs, and all such other legal and equitable relief as the Court deems just and proper. *See* 29 U.S.C. § 216(b).

## **PRAYER FOR DECLARATORY RELIEF**

WHEREFORE, Plaintiffs pray for declaratory judgment on behalf of themselves and all other Consenters similarly situated against Defendants, jointly and severally, as follows:

1. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. Section 216(b) to all similarly situated members of the collective class (or subclasses), apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual consent to sue forms pursuant to Section 216(b);

2. Designation of Plaintiffs and their counsel as representatives for the collective action class (or subclasses);

3. Upon the First and Second Causes of Action, for declaratory relief finding that Defendants violated the FLSA, including without limitation, 29 U.S.C. Section 207(a)(1) and (e) and 29 C.F.R. Section 778.106, by: (a) continuing to deduct and withhold overtime pay from Plaintiffs and Consenters; (b) continuing to refuse to include all non-discretionary incentive pay into the regular rate of pay for purposes of calculating overtime; and (c) continuing to fail to timely pay overtime to Plaintiffs and Consenters. Plaintiffs also pray for an award of reasonable attorneys' fees, and costs, as permitted by law, including without limitation, 29 U.S.C. Section 216(b); and

4. For such other and further relief the Court may deem just and proper.

|   |   |   |
|---|---|---|
| June 26, 2013 | | BLECHER & COLLINS, P.C. |
| | | By: /s/ Maxwell M. Blecher |
| | | Maxwell M. Blecher |
| | | Attorneys for PLAINTIFFS and CONSENTERS |
| June 26, 2013 | | DIVERSITY LAW GROUP, P.C. |
| | | By: /s/ Larry W. Lee |
| | | Larry W. Lee |
| | | Attorneys for PLAINTIFFS and CONSENTERS |
| June 26, 2013 | | HYUN LEGAL, APC |
| | | By: /s/ Dennis S. Hyun |
| | | Dennis S. Hyun |
| | | Attorneys for PLAINTIFFS and CONSENTERS |