**BLECHER COLLINS PEPPERMAN & JOYE, P.C.**
Maxwell M. Blecher (State Bar No. 26202)
mblecher@blechercollins.com
Donald R. Pepperman (State Bar No. 109809)
dpepperman@blechercollins.com
Majed Dakak (State Bar No. 271875)
mdakak@blechercollins.com
515 South Figueroa Street, Suite 1750
Los Angeles, CA  90071
Phone:  (213) 622-4222
Fax:     (213) 622-1656

Attorneys for PLAINTIFFS and CONSENTERS

(Appearances for Additional Counsel on Next Page)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| GEORGETTE PICKETT, CHARLES HUGHES, and FRANK SILVEIRA, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JEFFREY A. BEARD, in his capacity as the Secretary of the California Department of Corrections and Rehabilitation; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 1:13-CV-00084-AWI-BAM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE DEFENDANT'S COUNTERCLAIM**<br><br>[Fed. R. Civ. P. 12(b) & (f)]<br><br>Date:        October 21, 2013<br>Time:       1:30 p.m.<br>Judge:      Hon. Anthony W. Ishii<br>Courtroom: 2 |

**DIVERSITY LAW GROUP, P.C.**
Larry W. Lee (State Bar No. 228175)
lwlee@diversitylaw.com
550 South Hope Street, Suite 2655
Los Angeles, CA  90071
Phone:  (213) 488-6555
Fax:     (213) 488-6554

**HYUN LEGAL, APC**
Dennis S. Hyun (State Bar No. 224240)
dhyun@hyunlegal.com
550 South Hope Street, Suite 2655
Los Angeles, CA  90071
Phone:  (213) 488-6555
Fax:     (213) 488-6554

## **TABLE OF CONTENTS**

**Page**

I. LEGAL ANALYSIS ................................................................................................................ 1

    A. The Statutory Language of the FLSA Allows Plaintiffs to Recover Reasonable Attorney's Fees and Costs ................................................................................................ 1

    B. Case Law Supports Plaintiffs' Interpretation Of the FLSA ............................................. 3

    C. Plaintiffs' Interpretation of the FLSA Is Consistent With Congressional Intent ............... 5

II. CONCLUSION ....................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Barrows v. City of Chattanooga, Tenn.*,
  2013 WL 1896957  (E.D. Tenn. May 6, 2013)......................................................................... 3, 4

*DiLaura v. Twp. of Ann Arbor*,
  471 F.3d 666 (6th Cir.2006) .................................................................................................. 4

*Lefemine v. Wideman*,
  133 S. Ct. 9 (2012) ................................................................................................................ 4

*Mitchell v. Lubin, McGaughy & Assocs.*,
  358 U.S. 207, 79 S.Ct. 260 (1959)......................................................................................... 5

*Orozco v. Borenstein*,
  2013 WL 655119 (D. Ariz. Feb. 21, 2013) ........................................................................... 5

*Tony & Susan Alama Found. v. Sec. of Labor*,
  471 U.S. 290, 105 S.Ct. 1953 (1985).................................................................................... 5


**Statutes**

29 U.S.C. § 202(1) ......................................................................................................................5

29 U.S.C. § 207............................................................................................................... 2, 3, 4

29 U.S.C. § 216................................................................................................................... 2, 3

29 U.S.C. Section 201, et seq. ..................................................................................................... 2

29 U.S.C. Section 207(a)(1) and (e)...................................................................................... 1, 2

29 U.S.C. Section 216(b)........................................................................................................ 1, 4

**Rules**

Fed. R. Civ. P. 12(b) & (f)........................................................................................................ 1

**Federal Regulations**

29 C.F.R. Section 778.106....................................................................................................... 1

**Other Authorities**

123 Am. Jur. Trials 1................................................................................................................5

**REPLY BRIEF**

I. **LEGAL ANALYSIS**

   A. **The Statutory Language of the FLSA Allows Plaintiffs to Recover Reasonable Attorney's Fees and Costs**

Jeffrey Beard ("Defendant") contends that Carlos Silveira, Georgette Pickett, and Charles Hughes ("Plaintiffs") should be precluded from receiving reasonable attorneys and costs if they prevail in this action because of the "clear language of the" Fair Labor Standards Act ("FLSA"). (Opposition at 4:26.) Defendant's interpretation of the FLSA however is misguided. In addition, unlike Plaintiffs, Defendant cannot point to a single case or secondary source which supports such an interpretation of the FLSA.

As pled, Plaintiffs' Second Amended Complaint seeks prospective declaratory relief that Defendants continue to violate section 207 of the FLSA, among other violations. (Second Amended Complaint ¶ 25.) In addition, Plaintiffs' Second Amended Complaint seeks reasonable attorney's fees and costs if deemed the prevailing party in this action. Specifically, Plaintiffs pled:

> Upon the First and Second Causes of Action, for declaratory relief finding that Defendants <u>violated the FLSA</u>, including without limitation, 29 U.S.C. <u>Section 207(a)(1) and (e) and 29 C.F.R. Section 778.106, by</u>: (a) <u>continuing to</u> deduct and withhold overtime pay from Plaintiffs and Consenters; (b) continuing to refuse to include all non-discretionary incentive pay into the regular rate of pay for purposes of calculating overtime; and (c) continuing to fail to timely pay overtime to Plaintiffs and Consenters. Plaintiffs also pray for an <u>award of reasonable attorneys' fees</u>, and costs, as permitted by law, including without limitation, 29 U.S.C. <u>Section 216(b)</u> . . . .

(Second Amended Complaint, Prayer For Declaratory Relief at 8 ¶ 3 (emphasis added).)

Statutory interpretation of the FLSA clearly allows for reasonable attorney's fees and costs if the Court declares that Defendants continue to violate section 207 of the FLSA. Section 216(b) which governs attorney's fees and costs awards pursuant to the FLSA states that:

> <u>Any employer who violates the provisions of section 206 or section 207</u> of this title shall be liable to the employee or employees <u>affected</u> in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated . . . <u>The court</u> in such action <u>shall</u>, <u>in addition to any judgment awarded</u> to the plaintiff or plaintiffs, <u>allow a reasonable attorney's fee to be paid by the defendant, and costs of the action</u>.

29 U.S.C. § 216 (emphasis added).

Here, Plaintiffs have pled the necessary violations in order to be awarded attorney's fees and costs per section 216(b) of the FLSA. Plaintiffs pled that Defendant continues to violate "provisions of section 206 or section 207" as required by Section 216(b) of the FLSA. (Second Amended Complaint ¶¶ 20-26.) Specifically, Plaintiffs pled that "[b]y failing to compensate Plaintiffs and collective action members at a rate of not less than one and one-half times their regular rate of pay (which should have factored in all non-discretionary bonuses) for overtime worked, Defendants are continuing to violate the FLSA (29 U.S.C. Section 201, et seq.), including without limitation, 29 U.S.C. Section 207(a)(1) and (e)." (Second Amended Complaint ¶ 25.) This is an alleged violation of section 207 of the FLSA, as required by section 216(b) of the FLSA. *See* 29 U.S.C. § 207 ("no employer shall employ any of his employees who in any workweek is engaged in . . . a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed"). At the conclusion of this action, if the Court declares that the Defendant continues to violate section 207 of the FLSA, then this Court "shall" "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216. Statutory interpretation of the FLSA therefore clearly allows for reasonable attorney's fees

and costs in this action.

Defendant attempts to limit the meaning of section 216(b) of the FLSA by claiming that it <u>only</u> applies to violations of section 206 or section 207 of the FLSA when relief sought includes a request for a concrete monetary "amount of unpaid minimum wages or overtime compensation, and an additional amount as liquidated damages." (Opposition 5:4-5.) Plaintiff is puzzled how Defendant derives such a limited interpretation of section 216(b) of the FLSA. It appears that Defendant conveniently omits a key word, "affects," from the statute in order to derive such a limited interpretation.

Section 216(b) of the FLSA states that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees **affected** in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216 (emphasis added). It therefore is sufficient that any violation of section 206 or section 207 of the FLSA which "affects" the "employee or employees" in regard to the "amount of their unpaid minimum wages, or their unpaid overtime compensation," would allow recovery of attorney's fees and costs per section 216(b) of the FLSA. There is no actual need for Plaintiffs to recover a tangible amount of wages as Defendant suggests. Plaintiffs therefore are allowed to recovery attorney's fees and costs as they have clearly pled violations of section 207 of the FLSA which "affects" the amount of Plaintiffs' "unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216.

**B.   Case Law Supports Plaintiffs' Interpretation Of the FLSA**

Unlike Plaintiffs, Defendant cannot point a single case or secondary source which supports their limited interpretation of the FLSA. Both case law and secondary sources clearly support Plaintiffs' Motion to Dismiss. In *Barrows v. City of Chattanooga, Tenn.*, the United States District Court allowed recovery of attorney's fees for a plaintiff who solely prevailed on a claim for declaratory relief under the FLSA, but was not entitled to damages for overtime compensation. *Barrows v. City of Chattanooga, Tenn.*, 2013 WL 1896957 at *9 (E.D. Tenn. May 6, 2013). There the court held that:

> Section 216 of the FLSA provides ... that the Court shall allow a prevailing employee to recover his reasonable attorney's fees, as well as the costs of the action. ... Judgment for a plaintiff on a claim for

3
PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE DEFENDANT'S COUNTERCLAIM

> declaratory relief will 'usually' be satisfactory for finding that the plaintiff has prevailed in order to recover attorney's fees. … Because the Plaintiff here has prevailed on his claim for declaratory relief on the merits, the Court finds that he is a prevailing party; accordingly, he is entitled to recovery of reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. § 216(b).

*Id* at *9-10. (citing *Lefemine v. Wideman*, 133 S. Ct. 9, 11(2012) and *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 671 n. 2 (6th Cir.2006)).

Defendant attempts to distinguish the *Barrows*. *Barrows* however is on all fours with the case before this Court. In *Barrows*, the court found that "[p]laintiff cannot prevail on his claim for overtime compensation and he is not entitled to damages pursuant to 29 U.S.C. § 207." *Id*. at 8. Here, the Court also found that Plaintiffs could not proceed on their claim for violations of 29 U.S.C. § 207 seeking the return and release of unlawfully withheld overtime compensation. The Plaintiff in *Barrows*, like the matter at hand, was denied a tangible amount of compensation recovery.

Defendant distinguishes *Barrows* by arguing that "plaintiffs have not brought an action to recover unpaid overtime compensation . . ." as in *Barrows*. (Opposition 16:1-9.) Defendant's argument is simply not true. As outlined in the preceding paragraph Plaintiffs did bring "an action to recover unpaid overtime compensation" which, as in *Barrows*, was denied by the Court. (Opposition at 16:8; Order on Defendant's Motion to Dismiss at 5:11-14.) Defendant then falsely argues that because Plaintiffs failed to seek compensation recovery they cannot be awarded attorney's fees under § 216(b) of the FLSA for solely succeeding on their declaratory relief action. (*See* Opposition 16:1-9.) This argument is completely contradictory to the holding in *Barrows*. In *Barrows*, the court clearly held that solely succeeding a declaratory relief action under the FLSA is sufficient to be awarded attorney's fees under section 216(b), even when plaintiff cannot recovery any monetary compensation. *See Barrows v. City of Chattanooga, Tenn.*, 2013 WL 1896957 at *9 (E.D. Tenn. May 6, 2013) ("[a]lthough the Court has found that Plaintiff is not entitled to damages for overtime compensation, Plaintiff has prevailed as to his claim for declaratory relief" and awarded the plaintiff fees and costs under § 216(b) of the FLSA). Defendant's attempt to distinguish *Barrows* is therefore unavailing.

### C. Plaintiffs' Interpretation of the FLSA Is Consistent With Congressional Intent

"The Supreme Court has consistently construed the [FLSA] liberally to apply to the furthest reaches consistent with congressional direction. *Tony & Susan Alama Found.* v. *Sec. of Labor*, 471 U.S. 290, 296, 105 S.Ct. 1953, 1959 (1985) (quoting *Mitchell v. Lubin, McGaughy & Assocs.*, 358 U.S. 207, 211, 79 S.Ct. 260, 264 (1959))." *Orozco v. Borenstein*, 2013 WL 655119 (D. Ariz. Feb. 21, 2013) (internal quotations omitted). "The FLSA provides that '[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action . . . <u>narrow interpretation of the statute is contrary to the broad remedial purpose of the FLSA to allow plaintiffs to enforce their rights without incurring prohibitive expenses</u>." *Id*. (emphasis added).

"Under the FLSA, a prevailing employee in a private action must be awarded reasonable attorney's fees to be paid by the employer. An employer can only receive an award of attorney's fees if it prevails." 123 Am. Jur. Trials 1 (Originally published in 2012). Defendant's interpretation of section 216(b) of the FLSA is not aligned with the language and congressional intent of the FLSA. The FLSA was enacted to remove "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(1). Defendant asks this Court to bar the recovery of attorney's fees for its continuing violations of the FLSA. Such an interpretation of the FLSA would allow Defendant to continue its unlawful behavior without any meaningful repercussions. This Court and all succeeding courts would be limited to solely declaring that Defendant continues to violate the FLSA without the possibility of also awarding attorney's fees and costs. Such a result would greatly discourage "plaintiffs" from "enforc[ing] their rights" knowing they would be "incurring prohibitive expenses." *Orozco v. Borenstein*, 2013 WL 655119 (D. Ariz. Feb. 21, 2013). Such a "narrow interpretation of the statute is contrary to the broad remedial purpose of the FLSA." *Id*. Under Defendant's interpretation of the FLSA, Defendant could knowingly violate the FLSA with impunity, and after years of cost prohibitive litigation, temporarily correct his violation after a court declaration, to only continue the violation after the conclusion of the action. Such a result is contrary to the intent of the FLSA.

## II. CONCLUSION

Defendant cannot plead a viable declaratory relief cause of action because, as a matter of law, Plaintiffs are entitled to attorney's fees under the FLSA if they prevail. Accordingly, this Court should dismiss Defendant's Counterclaim without leave to amend.

October 10, 2013                              BLECHER COLLINS PEPPERMAN & JOYE, P.C.

                                              By:      /s/ Maxwell M. Blecher
                                                          Maxwell M. Blecher
                                              Attorneys for PLAINTIFFS and CONSENTERS

October 10, 2013                              DIVERSITY LAW GROUP, P.C.

                                              By:      /s/ Larry W. Lee
                                                          Larry W. Lee
                                              Attorneys for PLAINTIFFS and CONSENTERS

October 10, 2013                              HYUN LEGAL, APC

                                              By:      /s/ Dennis S. Hyun
                                                          Dennis S. Hyun
                                              Attorneys for PLAINTIFFS and CONSENTERS

57612.1