JOAN A. MARKOFF
Chief Counsel, Bar No. 121787
DAVID J. NEILL
Deputy Chief Counsel, Bar No. 186997
LINDA A. MAYHEW
Assistant Chief Counsel, Bar No. 155049
DAVID D. KING
Labor Relations Counsel, Bar No. 252074
DAVID M. VILLALBA
Labor Relations Counsel, Bar No. 258974
Department of Human Resources
State of California
1515 S Street, North Building, Suite 400
Sacramento, CA  95814-7243
Telephone:  (916) 324-0512
Facsimile:  (916) 323-4723
E-mail:  david.king@calhr.ca.gov

Attorneys for Defendant/Counterclaimant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| GEORGETTE PICKETT, CHARLES HUGHES, and FRANK SILVEIRA, as individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY A. BEARD, in his capacity as the Secretary of the California Department of Corrections and Rehabilitation; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 1:13-CV-00084-AWI-BAM<br><br>**STIPULATION AND JOINT REQUEST TO CONTINUE MANDATORY SCHEDULING CONFERENCE; ORDER** |

Whereas, in a Stipulation and Joint Request to Continue Scheduling Conference filed on October 24, 2013, the parties jointly requested continuance of the Mandatory Scheduling Conference in light of the parties' informal meet and confer discussions regarding potentially resolving the instant action;

///

-1-

1 Whereas, on October 28, 2013, the Court granted the parties' Joint Request, and continued the Mandatory Scheduling Conference to December 16, 2013;

Whereas, since the Court's Order continuing the Mandatory Scheduling Conference, the parties have discussed the possibility of defendant producing documents in informal discovery, with the hope that informal discovery might facilitate prompt resolution of the action prior to the commencement of formal discovery.

Whereas, defendant has informed plaintiffs of updated collective bargaining agreement language potentially affecting plaintiffs, and has provided plaintiffs pay differential policy documents potentially affecting plaintiffs;

Whereas, defendant has agreed, subject to a written consent from plaintiffs, to produce in informal discovery certain payroll documents it believes addresses plaintiffs' claim alleging that defendant improperly deducts from plaintiffs' overtime compensation for retirement purposes;

Whereas, plaintiffs' counsel has agreed and undertaken to obtain the written consent defendant has required prior to disclosing any documents in informal discovery;

Whereas, in an effort to narrow the scope of documents that might be informally produced, defendant has requested plaintiffs provide information identifying the pay periods during which plaintiffs allege violations of the Fair Labor Standards Act (FLSA) occurred;

Whereas, in order to facilitate informal discovery and possible resolution of the case, plaintiffs have undertaken, and continue to undertake, efforts to identify pay periods during which plaintiffs allege FLSA violations occurred;

Whereas, in order to facilitate informal discovery and possible resolution of the case, defendant has investigated and inquired, and continues to investigate and inquire, with each of the correctional facilities at which the three named plaintiffs work, whether there are additional documents pertaining to plaintiffs' compensation which can be produced on an informal basis;

Whereas, both plaintiffs and defendant are hopeful that the dispute over whether defendant violates the FLSA in the manner alleged in plaintiffs' second amended complaint might be resolved without the need for formal discovery;

///

1      Whereas, while plaintiffs and defendant continue to engage in informal discovery in good
2 faith, both plaintiffs and defendant agree that additional time is needed to conduct informal
3 discovery, and that additional time will allow the parties opportunity to determine whether the
4 action can be promptly resolved prior to the commencement of formal discovery;
5      Whereas, given plaintiffs' action seeks only prospective declaratory relief, the parties agree
6 plaintiffs and putative collective action members will not be prejudiced by a continuance of the
7 mandatory scheduling conference date and related deadlines;
8      Whereas, Rule 26 of the Federal Rules of Civil Procedure requires the parties to confer over
9 a proposed discovery plan by November 25th, 2013, or, at least 21 days before the Mandatory
10 Scheduling Conference, and submit a discovery plan and make initial disclosures by December 9,
11 2013, or, 14 days after the discovery conference;
12      Whereas, this Court's Order Setting Mandatory Scheduling Conference requires parties to
13 confer over the Joint Scheduling Report by November 26, 2013, or, at least 20 days before the
14 Mandatory Scheduling Conference, and requires parties to submit a Joint Scheduling Report to the
15 Court by December 9, 2013, or, one (1) full week prior to the Mandatory Scheduling Conference
16 date;
17      Whereas, the parties agree that continuing the Mandatory Scheduling Conference and
18 related deadlines will facilitate a potential resolution of this action and conserve the resources of the
19 Court.
20      Whereas, the parties recognize that due to various upcoming holidays and anticipated
21 vacations, multiple individuals who might facilitate the parties' informal discovery efforts may be
22 unavailable at various times during the next several weeks;
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, the parties to this action, through their respective attorneys of record, hereby STIPULATE and JOINTLY REQUEST this Court continue the Mandatory Scheduling Conference until February 10, 2014, or to a date and time thereafter that is convenient for the Court. The parties further STIPULATE and JOINTLY REQUEST this Court continue related deadlines to meet and confer and submit a Joint Scheduling Report and discovery plan, and deadline to provide initial disclosures, as set by the Federal Rules of Civil Procedure and this Court's Order Setting Mandatory Scheduling Conference.

Dated: December 2, 2013   Respectfully submitted,

JOAN A. MARKOFF
Chief Counsel

DAVID J. NEILL
Deputy Chief Counsel

By: /s/ David D. King
    DAVID D. KING,
    Labor Relations Counsel
    Attorney for Defendant

Dated: December 2, 2013   Respectfully submitted,

By: /s/ Majed Dakak
    MAJED DAKAK
    Attorney for Plaintiffs

**ORDER**

In consideration of the Parties' Stipulation and Joint Request to Continue the Mandatory Scheduling Conference, and related deadlines, and good cause having been shown, it is ORDERED that the Mandatory Scheduling Conference, currently set for December 16, 2013, shall be continued February 10, 2014, at 9:00 AM, in Courtroom 8, before United States Magistrate Judge Barbara A. McAuliffe.

Related deadlines to meet and confer and submit a Joint Scheduling Report, to provide initial disclosures, and to meet and confer and provide a written discovery plan under Rule 26 of the Federal Rules of Civil Procedure, are similarly continued.

IT IS SO ORDERED.

Dated:   **December 4, 2013**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE