UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE PICKETT, CHARLES HUGHES, and FRANK SILVEIRA, as Individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY A. BEARD, in his capacity as the Secretary of the California Department of Corrections and Rehabilitation, and DOES 2 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 1:13-CV-0084  AWI BAM<br><br>ORDER ON PLAINTIFFS' MOTION TO DISMISS AND ALTERNATIVELY MOTION TO STRIKE<br><br>(Doc. No. 41) |

This case is brought as a collective action under 29 U.S.C. § 201 et seq., the Fair Labor Standards Act ("FLSA"),[1] by Plaintiffs against Defendant Jeffrey Beard in his official capacity as the Secretary of the California Department of Corrections and Rehabilitations.  Plaintiffs complain about the calculation of wages by Beard and seek a declaration that Beard is violating the FLSA.  Plaintiffs also seek attorneys' fees under § 216(b).  Beard has filed a counterclaim in which he seeks several declarations, the gist of which is that Plaintiffs are not entitled to attorneys' fees under § 216(b) in this case.  Plaintiffs have filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), and alternatively a Rule 12(f) motion to strike Beard's counterclaim.  For the reasons that follow, Plaintiffs' motion to dismiss will be granted.

---

[1] Unless otherwise noted, a reference to "§" or "Section" refers to the FLSA.

**RULE 12(b) FRAMEWORK**

<u>1.</u>     Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1)allows for a motion to dismiss based on lack of subject matter jurisdiction. <u>See</u> Fed. R. Civ. Pro. 12(b)(1). It is a fundamental precept that federal courts are courts of limited jurisdiction. <u>Vacek v. United States Postal Serv.</u>, 447 F.3d 1248, 1250 (9th Cir. 2006). Limits upon federal jurisdiction must not be disregarded or evaded. <u>Owen Equipment & Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). Rule 12(b)(1) motions may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. <u>Wolfe v. Strankman</u>, 392 F.3d 358, 362 (9th Cir. 2004); <u>Safe Air For Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004); <u>Savage v. Glendale Union High School Dist. No. 205</u>, 343 F.3d 1036, 1040 n.2 (9th Cir. 2003). When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. <u>See</u> <u>Wolfe</u>, 392 F.3d at 362; <u>Meyer</u>, 373 F.3d at 1039. However, courts do not accept the truth of legal conclusions merely because they are cast in the form of factual allegations. <u>Doe v. Holy See</u>, 557 F.3d 1066, 1073 (9th Cir. 2009).

<u>2.</u>     Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. <u>Conservation Force v. Salazar</u>, 646 F.3d 1240, 1242 (9th Cir. 2011); <u>Johnson v. Riverside Healthcare Sys.</u>, 534 F.3d 1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. <u>Faulkner v. ADT Sec. Servs.</u>, 706 F.3d 1017, 1019 (9th Cir. 2013); <u>Johnson</u>, 534 F.3d at 1121. However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Dichter-Mad Family Partners. LLP v. United States</u>, 709 F.3d 749, 761 (9th Cir. 2013). The Court is not required "to

accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). The Ninth Circuit has explained that: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made . . . ." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. See Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

## PLAINTIFFS' MOTIONS

1.   Rule 12(b)(1) Motion To Dismiss

*Plaintiffs' Argument*

Plaintiffs argue that Beard's request for declaratory relief is not ripe. Beard's request is premature and is contingent on the outcome of Plaintiffs' complaint. Until the Court decides that Plaintiffs are the prevailing party under the FLSA, the essential fact that would establish Beard's right to a declaration regarding attorneys' fees has not yet occurred. Unless and until Plaintiffs prevail on their FLSA claim, the issue of attorneys' fees is remote and hypothetical.

*Defendant's Opposition*

Beard argues that the counterclaim is ripe for review. There is a controversy between the

parties that was made immediate and concrete once Plaintiffs filed their amended complaint. By requesting only declaratory relief and also praying for attorneys' fees, the amended complaint creates an immediate controversy as to whether Plaintiffs are entitled to request fees under § 216(b). No further contingent factors are necessary to resolve the current dispute. The only question is a purely legal one involving a matter of statutory interpretation.

*Legal Standard*

The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations" of parties to a "case of actual controversy." 28 U.S.C. § 2201; Spokane Indian Tribe v. United States, 972 F.2d 1090, 1091 (9th Cir. 1992). "Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Eureka Fed. Sav. & Loan Assn. v. American Cas. Co., 873 F.2d 229, 231 (9th Cir. 1989).

The doctrine of ripeness is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000). "Ripeness has two components: constitutional ripeness and prudential ripeness." In re Coleman, 560 F.3d 1000, 1004 (9th Cir. 2008). "The constitutional ripeness of a declaratory judgment action depends upon whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." United States v. Braren, 338 F.3d 971, 975 (9th Cir. 2003). Prudential ripeness depends upon the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. See id. "The constitutional component of ripeness is a jurisdictional prerequisite." In re Coleman, 560 F.3d at 1005.

*Discussion*

Plaintiffs' motion is based on "constitutional ripeness." The Court cannot agree with Plaintiffs that this case is constitutionally unripe. There is clearly a controversy between the parties, and that controversy has turned into this lawsuit. Plaintiffs' complaint alleges a violation

of the FLSA and expressly requests attorneys' fees under § 216(b). Beard's counterclaim in effect denies that such fees are available in this case. With the filing of the amended complaint and the inclusion of the relief requested, the dispute between the parties over attorneys' fees is no longer theoretical or contingent. The controversy is substantial, concrete, and now sufficiently immediate, and the Court can address the statutory dispute without the need of further occurrences. See Central Mont. Elec. Power Coop., Inc. v. Adminstrator of the BPA, 840 F.2d 1472, 1474-75 (9th Cir. 1988). Because the issue of attorneys' fees is ripe under § 216(b), dismissal is inappropriate. Plaintiffs' Rule 12(b)(1) motion will be denied.

2.      Rule 12(b)(6) Motion To Dismiss

*Plaintiffs' Argument*

Plaintiffs argue that Beard's request for declaratory judgment is contrary to the express language of the § 216(b), which provides that any employer who violates § 206 or § 207 shall pay, in addition to any judgment awarded, a reasonable attorney's fee. The FAC alleges violations of § 207. Thus, if Plaintiffs prevail, they are entitled to reasonable attorneys' fees. Further, Beard's argument is not in alignment with the policy behind § 216(b). The FLSA was designed to remove detrimental labor conditions, and without providing for attorney's fees, there is little incentive for attorneys to bring FLSA suits. Finally, Beard's requested declaratory relief is contrary to *Barrows v. City of Chattanooga*, which awarded attorneys' fees under § 216(b) to a plaintiff who had only obtained declaratory relief.

*Defendant's Opposition*

Beard argues that whether Plaintiffs are entitled to attorneys' fees is a question of statutory construction. The plain language of § 216(b) limits the types of actions under which a plaintiff may obtain fees and costs. The fifth sentence of § 216(b) provides for a "reasonable attorney's fee to be paid by the defendant." However, the fifth sentence directs the court to award attorney's fees "in such action." "In such action" refers to the third sentence. The third sentence permits employees to maintain an "action to recover the liability prescribed in either of the preceding sentences . . . ." The first sentence of § 216(b) sets forth the remedies available for violation § 206 and § 207, which are limited to the amount of unpaid minimum wages or unpaid overtime and an

amount of liquidated damages. The second sentence of § 216(b) sets forth remedies for violation of § 215(a)(3), which include legal and equitable remedies. Thus, attorney's fees are only permitted in actions that seek to obtain unpaid wages, unpaid overtime, liquidated damages, or in the case of anti-retaliation suits, equitable relief. Here, the FAC contains no § 215(a)(3) claims, but does contain a § 207 claim. However, the FAC does not seek unpaid wages, unpaid overtime, or liquidated damages. Instead, this case seeks a prospective declaration. Thus, this case is not an action that fits the criteria of the first or fifth sentences of § 216(b). Because this case is not an action in which attorney's fees are authorized under § 216(b), Plaintiffs may not recover attorney's fees. To hold that attorney's fees are available in this case would be contrary to the clear language of § 216(b) and would require the Court to rewrite the fifth sentence of § 216(b) so that it would apply to "any action." Finally, the *Barrow* case is not on point. In *Barrow*, the plaintiff did bring an action to recover unpaid wages, but was simply unsuccessful in obtaining those wages.

### *Legal Standard*

As a general matter, the FLSA regulates the minimum wages paid to employees, including wages for "overtime" work. See Dent v. Cox Communs. Las Vegas, Inc., 502 F.3d 1151, 1143 (9th Cir. 2007). The FLSA is a remedial statute that is "to be liberally construed to apply to the furthest reaches consistent with Congressional direction." Probert v. Family Centered Servs. of Alaska, 651 F.3d 1007, 1010 (9th Cir. 2011). Section 216(b) addresses courses of action available to remedy an employer's violation of the FLSA. See Dent, 502 F.3d at 1143. In pertinent part, § 216(b) provides:

> Any employer who violates the provisions of [29 U.S.C. § 206 or § 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of [29 U.S.C. § 215(a)(3)] shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [§ 215(a)(3)], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. . . .

29 U.S.C. § 216(b). Thus, in part § 216(b) provides for "a prevailing plaintiff to recover a

reasonable attorney's fee and the costs of the action from the defendant." Dent, 502 F.3d at 1143.

*Discussion*

The issue of whether attorney's fees may be awarded under § 216(b) when only declaratory judgment is sought or obtained appears to be relatively novel. The parties rely to one degree or another on the language of § 216(b), the policies behind § 216(b) and the FLSA in general, and a comparable 2013 district case.

With respect to case law, there are actually two cases that bear on the issue. The first case is *Barrows v. City of Chattanooga*, 944 F.Supp.2d 596 (E.D. Tenn. 2013), which has been cited by Plaintiffs. In *Barrows*, Fire Captain Barrows sued the City of Chattanooga under the FLSA regarding his employee classification and for past unpaid overtime. Following a bench trial, the district court held that the City had been improperly classifying Barrows as an FLSA-exempt employee and that a declaration that Barrows was a non-exempt FLSA employee was appropriate.[2] See Barrows, 944 F.Supp.2d at 605. As for past unpaid overtime compensation, the district court held that Barrows had failed to meet his burden of proof in that his evidence was essentially too inconsistent and vague. See id. at 606. As a result, Barrows was awarded no monetary damages. See id. With respect to attorney's fees, the district court held that Barrows could recover attorney's fees, despite the lack of monetary relief, because Barrow was entitled to a declaratory judgment. See id. at 607. The court explained:

> Section 216 of the FLSA provides, in relevant part, that the Court shall allow a prevailing employee to recover his reasonable attorney's fees, as well as the costs of the action. Defendant has conceded that Plaintiff is entitled to attorney's fees and costs in the event that he prevails in this action. Although the Court has found that Plaintiff is not entitled to damages for overtime compensation, Plaintiff has prevailed as to his claim for declaratory relief. Judgment for a plaintiff on a claim for declaratory relief will "usually" be satisfactory for finding that the plaintiff has prevailed in order to recover attorney's fees. Because Plaintiff here has prevailed on his claim for declaratory relief on the merits, the Court finds that he is a prevailing party; accordingly, he is entitled to recovery of reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. § 216(b).

Id. at 607 (citations omitted).

---

[2] The City of Chattanooga had classified Barrows as exempt under § 213. Barrows, 944 F.Supp.2d at 599 n.2, 605. Section 213 provides for an exemption to the FLSA's overtime requirements for those individuals who are "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213.

7

The second case, which was cited by neither party, is *Council 13, American Fed'n of State, Cnty. & Mun. Emples., AFL-CIO v. Casey*, 626 A.2d 683 (Pa. Commw. Ct. 1993).[3] In *Council 13*, employees of the State of Pennsylvania sought *inter alia* a declaration that the FLSA required Pennsylvania to pay wages and salaries that were coming due, despite an anticipated exhaustion of appropriated funds. See id. at 684. The court held that the employees were entitled to the declaration they sought, and that the FLSA required payment of wages. See id. at 686. With respect to attorney's fees under § 216(b), the court found that attorney's fees were not available. See id. After quoting the third and fifth sentences of § 216(b), the court explained:

> Although that sentence, as quoted above, itself contains no mention of fault or violation, it rests in a context which plainly involves legal actions against employers *in violation*. The first sentence in the quoted passage states that it deals with an 'action to recover the liability prescribed in either of the *preceding sentences* . . . against any employer (including a public agency) in any Federal or State court . . . .' The 'preceding sentences' expressly and exclusively refer to situations involving any "employer who violates" [FLSA § 206 or § 207]. However, this present action clearly is not an enforcement action under [§ 216(b)] to cure and punish a violation, but is one mutually pursuing a declaratory judgment for guidance -- no violation having yet occurred. Hence, the federal Act does not mandate imposition of attorney's fees here . . . .

Id. at 686-87 (emphasis in original).

In both *Barrows* and *Counsel 13*, declaratory relief was sought and obtained. In both *Barrows* and *Counsel 13*, attorney's fees under § 216(b) were sought by the plaintiffs. However, only in *Barrows*, where an actual violation of the FLSA was found, were fees awarded. Because no violation of the FLSA was actually involved in *Counsel 13*, the court held that attorney's fees were not appropriate. Together, *Barrows* and *Counsel 13* indicate that an award of only declaratory relief may form the basis of attorney's fee under § 216(b), but that attorney's fees are only available when an actual violation of the FLSA is involved.

With respect to the policy and legislative intent behind § 216(b)'s attorney's fee provision, several circuits have made observations. The Fourth and Eleventh Circuits have indicated that Congress intended that a wronged employee "receive his full wages plus the penalty without incurring any expense for legal fees or costs." Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir.

---

[3] Under the Pennsylvania Administrative Code, single judge opinions from the Commonwealth Court (like *Counsel 13*) are considered for their persuasive value and not as binding precedent. 210 Pa. Code § 64.414.

8

2009); Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946).  Similarly, the Fifth Circuit has indicated that the legislative intent behind § 216(b)'s attorney's fee provision is "to recompense wronged employees for the expenses incurred in redressing violations of the FLSA and obtaining wrongfully withheld back pay."  San Antonio Metro. Transit Auth. v. McLaughlin, 876 F.2d 441, 445 (5th Cir. 1989).  The Sixth Circuit, in reliance in part on *Maddrix*, has found that "the purpose of § 216(b) is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances; 'obviously Congress intended that the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs.'"  United Slate, Local 307 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 501-02 (6th Cir. 1984) (quoting Maddrix, 153 F.2d at 275-76).  Finally, the D.C. Circuit has noted that through § 216(b), "Congress clearly hoped to provide an adequate economic incentive for private attorneys to take employment discrimination cases, and thereby to ensure that plaintiffs would be able to obtain competent legal representation for the prosecution of legitimate claims."  Laffey v. Northwest Airlines, Inc., 746 F.2d 4, 11 (D.C. Cir. 1984).   These cases reflect that the intent behind § 216(b) was to allow employees to obtain payment owed under the FLSA in court without the employee incurring legal fees and expenses, and to encourage attorneys to take FLSA cases.

      Finally, with respect to the plain language of § 216(b), the Court agrees that Beard's interpretation of § 216(b) is one reasonable interpretation.  The fifth sentence of § 216(b), which is the language that actually mandates an award of attorney's fees, applies to "such an action."  29 U.S.C. § 216(b).  "Such an action" refers to the third sentence of § 216(b).  See id.  The third sentence of § 216(b) describes an "action to recover the liabilities prescribed" in the first and second sentences.  Id.  As relevant here, the first sentence states that an employer who violates § 207 is liable for unpaid wages, unpaid overtime, and liquidate damages.  See id.  Thus, the fifth sentence can be read as mandating an award of attorney's fees only in actions that seek unpaid wages, unpaid overtime, or liquidated damages for an employer's violation of § 207.  However, this is a narrow reading of § 216(b).

      The FLSA as a whole is to be interpreted liberally to the fullest extent of Congressional

9

direction. See Probert, 651 F.3d at 1010. As indicated above, the intent behind the attorney's fees provision is to ensure that employees obtain full payment owed under the FLSA without incurring legal fees. An interpretation of § 216(b) that would eliminate the availability of attorney's fees to employees who seek to obtain or who only obtain declaratory relief, would partially frustrate the intent behind § 216(b). Although declaratory relief will not necessarily permit an employee to obtain past payments that were mandated by the FLSA, it could ensure that future payments do conform to the FLSA. That is, declaratory relief could aid an employee in obtaining his full future wages. For example, in a case like *Barrows*, no monetary relief was awarded despite obtaining declaratory relief.[4] Nevertheless, by declaring that an employee is properly classified as a non-exempt FLSA employee, and not as an exempt FLSA employee, the declaratory relief will ensure that the employee begins to receive overtime pay in the future and in conformity with the FLSA.[5] As another example, in this case, the dispute is whether Beard is currently calculating overtime correctly. A declaration that the overtime calculations are incorrectly being made will help Plaintiffs to obtain the full future FLSA wages and overtime that would be due to them under a proper calculation. In cases where monetary damages are unavailable or very tenuous, but a violation of the FLSA appears to be occurring, the availability of attorney's fees provides an incentive to correct the FLSA violation. Without the availability of attorney's fees, the expense to employees bringing such lawsuits would be increased and the incentive for attorneys to take such cases would be diminished.

There is a broader interpretation of § 216(b) that is also reasonable. The fifth sentence is ultimately tethered to actions under the first and second sentences involving violations of § 206,

---

[4] Barrows brought his lawsuit in 2010. See Barrows v. City of Chattanooga, 2012 U.S. Dist. LEXIS 159574, *8 (E.D. Tenn. Nov. 7, 2012). Chattanooga classified Barrows as an FLSA-exempt employee in 2010. See Barrows, 944 F.Supp.2d at 599 n.2. Barrows later retired in 2012. See id. at 599. Because Barrows retired in 2012, he would not have received the benefit of reclassification from the declaratory judgment.

[5] This scenario is also similar to *Balgowan v. New Jersey*, 115 F.3d 214 (3d Cir. 1997). In *Balgowan*, engineers employed by the State of New Jersey sued for alleged unpaid overtime under the FLSA. See Balgowan, 115 F.3d at 216. After concluding that the Eleventh Amendment barred the claims for monetary relief, the Third Circuit permitted the engineers to amend their complaint under *Ex parte Young* and seek a declaration regarding their exempt/non-exempt FLSA status. See id. at 217-18. Ultimately, the Third Circuit held that the engineers were FLSA exempt employees and ruled in favor of New Jersey. See id. at 218-20. However, if the engineers had been non-exempt FLSA employees, the proper classification would ensure that they obtain FLSA overtime pay in the future.

§ 207, and § 215(a)(3).  In actions that seek to remedy violations of § 206, § 207, or § 215(a)(3), the fifth sentence requires courts to award attorney's fees in addition "to *any judgment* obtained by the plaintiff." 29 U.S.C. § 216(b) (emphasis added).  There is no express limit as to the type or amount of judgment that must be obtained before attorney's fees are available, rather, so long as "any judgment" is obtained by the plaintiff, attorney's fees are to be awarded.  Declaratory relief has been awarded in this district in an FLSA case against a State, the Third Circuit has held that declaratory relief in an FLSA case is available against a State, and the District of Tennessee has awarded declaratory relief in an FLSA case even in the absence of monetary damages.  See Balgowan v. New Jersey, 115 F.3d 214, 217-18 (3d Cir. 1997); Barrows, 944 F.Supp.2d at 605; Biggs v. Wilson, 828 F.Supp. 774, 779-80 (E.D. Cal. 1991), aff'd 1 F.3d 1537 (9th Cir. 1993).  If a declaratory judgment may be issued in an FLSA case, then it is unclear why a declaratory judgment would not be included under § 216(b)'s "any judgment" language.  As long the lawsuit/action is one that seeks to correct/remedy violations of § 206, § 207, or § 215(a)(3), obtaining a declaratory judgment would constitute "any judgment" and could serve as the basis for attorney's fees under § 216(b).[6]  Such an interpretation would permit attorney's fees not only when unpaid wages for past violations of § 206 or § 207 are obtained, but also for declarations that would essentially end ongoing violations of § 206 or § 207.  Declarations that find and/or remedy ongoing violations of § 206 or § 207 would help to ensure that an employee obtains the full wages and overtime that are due him in the future.  Correcting violations of § 206 or § 207 and obtaining full wages due are both consistent with congressional intent.

The Court does not find Beard's interpretation to be unreasonable.  However, as discussed above, there is a broader interpretation of § 216(b) that appears consistent with Congressional intent.  Further, the very limited case law that deals with § 216(b) attorney's fees provision in the context of declaratory relief indicates that attorney's fees may be awarded.  Considering the arguments made by the parties, the limited case law, and the Ninth Circuit's admonition for a

---

[6] Lawsuits that seek only injunctive relief, however, would not be included.  Cf. Balgowan, 115 F.3d at 218.  Section 216(b) does not provide for injunctive relief for violations of § 206 or § 207.  Sections 211 and 217 give the Secretary of Labor the exclusive authority to seek injunctive relief.  See id.

liberal interpretation of the FLSA, the Court concludes that, in cases that seek to correct violations of § 206, § 207, or § 215(a)(3), attorney's fees under § 216(b) are available when only declaratory relief is sought or obtained, so long as an actual violation of the FLSA by the employer is involved. In this case, Plaintiffs allege ongoing violations of § 207, and seek declarations relating to the proper calculation of overtime under § 207. This case is therefore one that seeks to correct an actual and ongoing violation of § 207. Accordingly, if Plaintiffs prevail and obtain declaratory relief, they will be entitled to attorney's fees.

The declaratory relief requested by Beard is a pure issue of law, and no further facts need be developed before resolving that issue. The declaratory relief requested by Beard is contrary to the Court's conclusion. Because attorney's fees are available under § 216(b) in this case, it is appropriate to dismiss Beard's request for declaratory relief.

## **CONCLUSION**

Plaintiffs move to dismiss Beard's counterclaims for declaratory relief regarding the availability of attorney's fees under § 216(b). Beard seeks a declaration that attorney's fees are not available in this case. Based on the arguments presented, the Court concludes that attorney's fees under § 216 are available in this case. Therefore, dismissal of Beard's counterclaims with prejudice is appropriate.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to dismiss is GRANTED and Defendant's counterclaim is DISMISSED with prejudice.

IT IS SO ORDERED.

Dated:   February 5, 2014

SENIOR DISTRICT JUDGE